Gibson J.
The question is affirmative: who had the right of property in the iron employed in constructing the bridge erected at the expense of the county ? for as between these parties, it is easy to determine in whom it was not. There is no pretence to say, the company succeeded to the rights of those who owned the materials of the old bridge, as a compensation for a new, and a better one, erected at its cost: it was bound to erect all necessary bridges and cul *233 verts, as incident to, and a part of the road it had engaged to make ; for which the toils it was authorised to exact were to be full compensation. Granting, however, for the sake of the argument, that the Legislature has power, to vest in a turnpike company, property, for which the Legislature itself may' adjust the compensation, by presuming that the advantage to the owner accruing from the road would be sufficient and just, still no provision to that effect exists in the present case ; and..the company could not, with or without compensation, assume the rights of any other person, unless by virtue of some law. Viewing this bridge as the property of the public, or under the controul of the State, (which it clearly never was,) it has not, in point of fact, been vested in the defendants. But to authorise the judgment below, it was necessary for the property to be, not only out of the defendants, but in the plaintiffs. The bridge, the materials of which form the subject of the present dispute, was erected by the county under the twenty-first section of the road law of the 6th of April, 1802 : but it is, notwithstanding that, said, not to be a county bridge, because the township, and not the county, was bound to repair; which shews, it is said, that it became for all purposes, the property of the township, and was at its disposal, as to repairs or alteration, in all respects as if it had been erected by the township itself. The latter, I acknowledge, is, in the first instance, bound to repair; but, I take it, that duty may ultimately be cast also on the county, where the resources of the township are inadequate. The twenty-fourth section of the act of the 11th of April, 1799, for raising and collecting county rates and levies, extends, as to repairing, to all bridges “ on any public road over any water,” whether such bridge were erected under the same section or under the road law of 1802, and its supplements. It would not follow, however, if the county were not bound to repair, that the property in the materials would be in the township; for neither the township nor the public have any thing but an easement. In a road or bridge dedicated to public use, the public have only a right of way, or the mere use of the thing, which is extinguished as soon as the road is vacated; and the right in the soil, over which the road was laid, or to the materials employed in constructing the bridge, respectively remain, as they continued all along, in the *234 original owner or the persons who furnished them. A principle, stronger, but in every other respect analagous, obtains where lands are given to corporations; on the dissolution of which, such lands do not escheat, but go back to the donor and his heirs, on an implied condition annexed to the grant; for in that case, the property does in fact pass from the person devoting it to corporate uses ; but h~re nothing more than the use was parted with. If however, subsequent repairs by the township had added materials to the original stock, which could not be distinguished from it, there might have been great difficulty in deciding as to the relative proportions of the township and the county ; but here the iron sold by the company is specifically that which was paid for by the county, and none other. The laying out of the turnpike road was virtually a vacating of as much of the old road as was thus supplied ; and the right of way, which -the public had in such part, ceased, being exchanged for the easement gained in the turnpike. The interest of the public having thus ceased in the old bridge, there was nothing to prevent the county from resuming and disposing, at pleasure, of the materials of it; and the interference of the company was therefore tortious. This being the only question submitted in the case stated, the judgment is affirmed and the record remitted, to enable the Court below to execute the agreement of the parties as to the ascertaining of the amount to be recovered.
Judgment affirmed